United States Court of Appeals

For the Eighth Circuit

_____

No. 20-2328
_____

United States of America

*Plaintiff - Appellee*

v.

Jason Allen Jackson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: October 19, 2021
Filed: February 11, 2022
_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.
_____

SMITH, Chief Judge.

Jason Allen Jackson appeals the district court's denial of a motion for extension of time to file a motion to vacate under 28 U.S.C. § 2255. The district court denied the motion after concluding that it lacked jurisdiction to toll the § 2255 limitations period prior to the defendant filing a § 2255 motion. After Jackson filed this appeal of the extension motion, Jackson filed a § 2255 motion with the district

court. The district court dismissed the § 2255 motion as untimely or, in the alternative, denied the motion on its merits. The district court also declined to issue a certificate of appealability (COA). An administrative panel of this court thereafter denied Jackson's application for a COA, which sought to certify the untimeliness issue and the merits issues. *See Jackson v. United States*, No. 21-3783. We hold that the district court's recent order dismissing Jackson's § 2255 motion and this court's subsequent denial of a COA moots the present appeal of the extension motion. Accordingly, we dismiss the appeal as moot and vacate the district court's order denying the extension motion. *See Panera, LLC v. Dobson*, 999 F.3d 1154, 1159 (8th Cir. 2021) ("[W]e will apply our normal practice of vacating the lower court's judgment in a moot appeal.").

## I. *Background*

A jury convicted Jackson of conspiracy to distribute methamphetamine and possession of methamphetamine with intent to distribute, and the district court[1] sentenced him to 330 months' imprisonment. Shortly after his sentencing, Jackson filed a pro se § 2255 motion. In his memorandum filed in support of the § 2255 motion, Jackson argued that his attorney rendered ineffective assistance of counsel by, among other things, failing to sufficiently challenge search warrants and wiretaps, failing to secure a severance from his codefendants, and failing to seek severance of the conspiracy count from the possession count. The day after Jackson filed his pro se § 2255 motion, his counsel timely appealed Jackson's conviction and sentence. Thereafter, the district court dismissed without prejudice Jackson's pro se § 2255 as premature.

On direct appeal, we affirmed Jackson's conviction and sentence. *United States v. Escobar*, 909 F.3d 228 (8th Cir. 2018). The Supreme Court subsequently denied

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

Jackson's petition for writ of certiorari on June 24, 2019. *Jackson v. United States*, 139 S. Ct. 2744 (2019). Jackson had one year from the date of the certiorari denial to file a timely § 2255 motion. *See* 28 U.S.C. § 2255(f)(1). Thus, he had to file his § 2255 motion by June 24, 2020.

From July 10, 2019, until March 4, 2020, Jackson was housed in the Special Housing Unit of the Federal Correctional Institution in Greenville, Illinois. Thereafter, Jackson was sent to the Federal Transfer Center in Oklahoma. The COVID-19 pandemic struck shortly after Jackson's arrival at the Federal Transfer Center, and he remained there for several months.

On April 1, 2020—before expiration of the one-year deadline to file a § 2255 motion—Jackson's mother filed on his behalf a motion for extension of time to file a § 2255 motion. In the motion, Jackson's mother represented that she had power of attorney for Jackson and that Jackson had approved the motion. The motion requested a six-month extension, until approximately January 1, 2021, or any period of time the court would find reasonable under the circumstances, to file a § 2255 motion. The circumstances supporting the extension were Jackson's limited ability (1) "to obtain resources or assistance in filing a complete and timely § 2255 [m]otion" while housed in the Special Housing Unit, and (2) to "access . . . resources and assistance in filing a complete and timely § 2255 [m]otion" "[d]ue to the current COVID-19 pandemic." R. Doc. 984, at 1.

The following day, the district court denied without prejudice Jackson's extension motion. The court held that it "lack[ed] jurisdiction to toll the § 2255 limitations period before a § 2255 [m]otion is filed," relying on the weight of authority from other circuits and district courts within the Eighth Circuit. R. Doc. 985, at 1. The district court declined to "construe [the extension motion] as a timely filed § 2255 [m]otion" "because Jackson's request for an extension did not set forth any potential arguments in support of a future § 2255 [m]otion." *Id.* The court advised

Jackson that "[s]hould he be unable to file a timely § 2255 [m]otion because of the factors on which he . . . relie[d], he should appeal to the [district] [c]ourt's discretion to equitably toll the § 2255 statute of limitations in conjunction with the filing of his [§ 2255] [m]otion." *Id.* at 2. But because Jackson had "not yet filed his § 2255 [m]otion," the court explained that it was prohibited from "issu[ing] an advisory opinion as to whether such tolling [was] warranted." *Id.*

On April 27, 2020, Jackson filed a pro se motion for reconsideration of the denial of the extension motion. Jackson reiterated that he needed an extension of time because he was still at the Federal Transfer Center without access to legal materials. Jackson explained that he intended to argue that his lawyer was ineffective for (1) failing to challenge certain wire tap evidence, (2) advising him not to testify even though the government had already stated its intention to use Rule 404(b)[2] evidence against him, and (3) failing to mount a better defense. When Jackson filed his motion for reconsideration, he still had nearly two months to timely file his § 2255 motion.

On June 19, 2020, while the reconsideration motion was still pending, Jackson filed a pro se notice of appeal from the order denying the extension motion. Five days later, the one-year deadline for filing a § 2255 motion expired. *See* 28 U.S.C. § 2255(f)(1).

On July 23, 2020, the district court denied without prejudice the motion for reconsideration. The court noted that Jackson likely had a persuasive argument for equitable tolling, including the COVID-19 crisis, and that "[i]f Jackson would like the [c]ourt to construe his allegations in this [m]otion as a timely filed § 2255 motion the [c]ourt will do so, but given the strict limitations on such motions, the [c]ourt is unwilling to presume Jackson's intent in this regard." R. Doc. 1028, at 2.

---

[2]Fed. R. Evid. 404(b).

Jackson did not submit any filing to clarify whether he intended that his motion for reconsideration be construed as a § 2255 motion. Nor did he file an amended notice of appeal or a separate appeal from the order denying his motion for reconsideration.

On September 15, 2020, Jackson's mother sent a letter to the district court and attached a letter that Jackson had sent her from prison in Leavenworth, Kansas. She expressed concern about Jackson's ability to receive mail and file a timely § 2255 motion and about his safety in light of COVID, his other health issues, and other inmates. She wrote that the new facility was in COVID lockdown and that Jackson could not access any legal resources. She "request[ed] that [the district court] keep [Jackson's §] 2255 open until we can resolve [the COVID lock-down] issue." R. Doc. 1051, at 2.

On March 31, 2021, Jackson filed a pro se motion to appoint counsel for assistance in filing a § 2255 motion. On April 6, 2021, the district court granted Jackson's motion.

On July 27, 2021—after Jackson's appeal of the district court's denial of the extension motion— Jackson, through counsel, filed a § 2255 motion. In that motion, Jackson argued that the district court should deem his § 2255 motion timely under equitable tolling. Jackson argued that he had "pursu[ed] his rights diligently" and that "a series of extraordinary circumstances prevented [him] from preparing a timely § 2255 [m]otion." R. Doc. 1173, at 42. In support, he cited his "repeated time in secured housing units and pandemic-related disruptions to BOP operations." *Id.* Additionally, he argued that his "repeated requests for assistance of counsel demonstrate that he has been diligently monitoring the § 2255 deadline." *Id.*

-5-

The government moved to dismiss or, in the alternative, stay Jackson's § 2255 motion, arguing that "Jackson's motion is untimely, and because there is a pending appeal before the Eighth Circuit, [the district court] does not have jurisdiction to equitably toll the motion. It does, however, have jurisdiction to deny the motion." R. Doc. 1187, at 1. In support of its argument that the district court had jurisdiction to deny the § 2255 motion, the government relied on Federal Rule of Criminal Procedure 37(a). *Id.* at 12 (citing Fed. R. Crim. P. 37(a) ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.")).

Jackson, through counsel, responded to the government's dismissal motion by arguing that the court should not stay the proceeding because "it is not clear that [the district court] lacks jurisdiction over this proceeding given the pending appeal. The filing of a § 2255 motion, although a continuation of the criminal proceeding, also commences a new quasi-civil proceeding." R. Doc. 1193, at 19 (footnote omitted). Jackson maintained that "both the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure apply to § 2255 proceedings." *Id.* at 20. Additionally, Jackson argued that if the district court determined "that the pending appeal deprives it of jurisdiction to grant [him] relief, it could simply issue an indicative ruling under Federal Rule of Criminal Procedure 37." *Id.*

The district court granted the government's dismissal motion and dismissed Jackson's § 2255 motion, concluding that "[e]quitable tolling is not warranted here." R. Doc. 1203, at 7. As an alternative ruling, the district court held that "[e]ven if timely . . . Jackson's claims fail on the merits." *Id.* The district court declined to issue a certificate of appealability on the court's ruling on the § 2255 motion, explaining that Jackson failed "to make 'a substantial showing of the denial of a constitutional right.'" *Id.* at 12 (quoting 28 U.S.C. § 2253(c)(2)).

Following the district court's dismissal of Jackson's § 2255 motion, Jackson applied for a COA with this court. He did not request that the matter be stayed pending resolution of Jackson's appeal of the district court's denial of the extension motion in the present case. An administrative panel of this court denied the COA and dismissed the appeal. *See United States v. Jackson*, No. 21-3783.

II. *Discussion*

Jackson appeals the district court's order denying without prejudice the motion for extension of time to file a § 2255 motion, arguing that the district court erred in holding that it lacked jurisdiction to grant the extension motion. That order is the *only* order at issue in this appeal. *See* R. Doc. 1018. The district court's order dismissing Jackson's later-filed § 2255 motion was the subject of a separate appeal; however, that order and the administrative panel's subsequent denial of a COA and dismissal of that appeal affects our adjudication of this appeal.

Indeed, based on district court's dismissal of the § 2255 motion, the government has moved to dismiss the present appeal on mootness grounds. It argues that "the district court's . . . [o]rder denying [Jackson's] § 2255 motion deprives this [c]ourt of jurisdiction to entertain the issue raised on appeal, because a ruling on whether the district court could have extended the deadline for the filing of a § 2255 motion has no effect on Jackson's rights." Appellee's Mot. to Dismiss at 3. More specifically, the government maintains that Jackson's requested relief—remanding to the district court to set a reasonable deadline for Jackson to file a § 2255 motion—is not available because Jackson already has filed such a motion. The district court considered his filed § 2255 motion and denied it on the merits. According to the government, "Section 2255's bar on successive motions precludes him from filing another motion. As a result, a ruling in his favor in this appeal would not offer him any relief, and his appeal is moot." *Id.* at 5.

-7-

Jackson responds that "a live controversy remains because [this] [c]ourt could still grant [him] effectual relief." Appellant's Resp. in Opp'n to Mot. to Dismiss (Resp. in Opp'n) at 2. Jackson explains:

> [T]he [d]istrict [c]ourt dismissed Jackson's § 2255 motion on timeliness grounds, among others. Jackson intends to appeal the [d]istrict [c]ourt's order and seek a certificate of appealability. In other words, the timeliness of Jackson's § 2255 filing is still very much a live issue. *If this [c]ourt rules that the [d]istrict [c]ourt's jurisdictional orders were erroneous, then it could reverse and remand with instructions to deem the filed § 2255 motion timely.* This would be but a modest change to Jackson's initially requested relief, and it would *directly impact any appeal from the [d]istrict [c]ourt's § 2255 order.* The ability for this [c]ourt to grant such effectual relief demonstrates that Jackson maintains "a concrete interest" in the outcome of this appeal.

*Id.* at 3–4 (second and third emphases added) (footnote omitted) (quoting *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016)).

We disagree. In denying Jackson's extension motion, the district court first concluded that Jackson's § 2255 motion was untimely and that equitable tolling was inapplicable. Then, it issued an alternative ruling that addressed the merits of Jackson's § 2255 motion by assuming that Jackson's § 2255 motion was "timely." Following the district court's dismissal of Jackson's § 2255 motion, Jackson applied for a COA with this court. He did not request that the matter be stayed pending resolution of Jackson's appeal of the district court's denial of the extension motion. An administrative panel of this court denied the COA and dismissed the appeal. *See United States v. Jackson*, No. 21-3783.

We can no longer grant any effective relief to Jackson. A holding by this court that the district court did have jurisdiction to consider the extension motion and a directive to the district court "to deem the filed § 2255 motion timely," as Jackson

-8-

now requests, would not "directly impact any appeal from the [d]istrict [c]ourt's § 2255 order." Resp. in Opp'n at 3. If we ordered the district court to deem Jackson's § 2255 motion timely, we would remand, but that would not affect the district court's subsequent order dismissing the § 2255 motion on the merits—which is not the subject of this appeal. The district court could not then revisit that subsequent order because it has now been made final by the administrative panel's denial of a COA in No. 21-3783. Thus, that subsequent panel decision renders this appeal moot.

A "case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Alvarez v. Smith*, 558 U.S. 87, 93 (2009)). We have further explained that "[a] case is moot if there is *no reasonable expectation* that the alleged wrong will recur and *interim relief or events have completely eradicated* the effects of the alleged wrong." *Moseanko v. Yeutter*, 944 F.2d 418, 425 (8th Cir. 1991) (emphasis added) (citing *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). As a result, we grant the government's motion to dismiss the present appeal.

### III. *Conclusion*

Accordingly, we dismiss the appeal as moot and vacate the district court's order denying the extension motion. *See Panera*, 999 F.3d at 1160.

_____